IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. STOVER,             :
                             :
    Petitioner               :
                             :   CIVIL NO. 1:10-CV-1213
                             :
    v.                       :   Hon. John E. Jones III
                             :
                             :
WARDEN T.R. SNIEZEK,         :
                             :
    Respondent               :

## **MEMORANDUM**

August 12, 2010

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner James A. Stover ("Petitioner" or "Stover"), an inmate confined at the Federal Correctional Institution- Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  Stover claims that the Federal Bureau of Prisons ("BOP") failed to provide twenty-five (25) months of credit toward his federal sentence in accordance with the sentencing judge's intent.

Service of the Petition was directed by Order dated June 29, 2010.  (Doc. 6.)  A Response to the Petition was filed in accordance with our Order on July 20, 2010.  (Doc. 7.)  Respondent asserts that the transfer of this case to the Court in which Stover

was sentenced, the United States District Court for the Northern District of Ohio, is appropriate in order for that Court to clarify whether it intended for Stover's federal sentence to run concurrent with his state sentence. Although Stover was advised of his opportunity to file a reply brief within fourteen (14) days of receipt of Respondent's filings (*see* Doc. 6 ¶ 4), he has not filed a reply brief. Therefore, the Petition is ripe for disposition. For the reasons set forth below, we will direct that this case be transferred to the United States District Court for the Northern District of Ohio.

**I.     FACTUAL BACKGROUND**

On January 23, 2007, Stover was arrested by Ohio authorities on charges of breaking and entering, unlawful transaction in weapons, aggravated possession of drugs, weapons under disability, and trafficking in marijuana. (Doc. 7-2 at 4, Roush Decl., ¶ 5.) He was released on bond on January 24, 2007. (*Id.*)

On January 30, 2007, Stover again was arrested by local authorities and then released on bond on February 1, 2007. (*Id.* ¶ 6.) He was arrested by local authorities again on February 12, 2007, after which he remained in state custody. (*Id.*)

On February 22, 2007, Stover temporarily was borrowed from state custody via a federal writ and transferred to federal custody to answer charges in the United States District Court for the Northern District of Ohio. (*Id.* ¶ 7.) He was returned to state

custody the same day.  (*Id.*)  On May 15, 2007, he again was borrowed from state custody pursuant to a federal writ.  (*Id.* at 5 ¶ 8.)

On October 15, 2007, Stover was sentenced by the United States District Court for the Northern District of Ohio to a term of imprisonment of eighty-five (85) months for his conviction of felon in possession of a firearm and theft of firearms from a licensed dealer, in violation of 18 U.S.C. §§ 922(g)(1), 922(u), and 924(i)(1).  (*Id.* ¶ 9; Doc. 7-2 at 15-20, Judgment in a Criminal Case.)

On October 17, 2007, Stover was returned to the primary custody of Ohio state authorities.  (Doc. 7-2 at 5 ¶ 10.)  On November 5, 2007, Stover was sentenced by the Summit County Court of Common Pleas to a term of imprisonment of two (2) years for aggravated possession of drugs.  (*Id.* ¶ 11.)  The state court ordered the sentence to run concurrently with Stover's federal sentence and dismissed the remaining counts.  (*Id.*)  Stover was awarded 265 days of jail credit by the State of Ohio, which resulted in an expected release date of February 15, 2009.  (*Id.*)

Stover remained in primary state custody until February 13, 2009, at which time he was released from his Ohio state sentence and taken into custody by federal authorities to begin serving his federal sentence.  (*Id.* at 6 ¶ 12.)  His eighty-five (85) month federal sentence has been computed as commencing on February 13, 2009, the date he was released from his Ohio state sentence and taken into federal custody.  (*Id.*

3

¶ 13; Doc. 7-2 at 29, Sentence Monitoring Computation Data.) Stover received six (6) days of prior custody credit for the time periods between January 23-24, 2007, January 30-February 1, 2007, and February 22, 2007, because these time periods were not credited to his state sentence. (*Id.*) Stover's projected release date is April 8, 2015 via good conduct time release. (*Id.*)

The BOP has reviewed Stover for a retroactive designation, which, if granted, would result in his federal sentence running concurrently with his state sentence. (Doc. 7-2 at 6 ¶ 14.) However, Stover's federal Judgment is silent as to whether the federal sentence should run consecutively to or concurrently with the state sentence that had not yet been imposed at the time of its entry. (*Id.*; Doc. 7-2 at 15-20, Judgment in a Criminal Case.) Pursuant to 18 U.S.C. § 3584(a), "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." (Doc. 7-2 at 6 ¶ 14.) In sentencing Stover for aggravated possession of drugs, the Ohio state court specified that, "The imposed sentence is to be served concurrently with the Defendant's federal sentence for a total of 7 years." (Doc. 2-3, Excerpt from State Judgment.)

In the process of reviewing Stover for retroactive designation, on August 13, 2009, the BOP sent a letter to the federal sentencing judge, the Honorable Peter C. Economus, to inquire as to the court's position on a retroactive designation. (Doc. 7-2

at 32-33, 8/13/09 Letter.) The BOP has not received a response to the letter. (Doc. 7-2 at 6 ¶ 14.)

## II.     DISCUSSION

The Attorney General has delegated authority to the Director of the BOP to compute federal sentences for offenses committed on or after November 1, 1987. *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence.

Section 3585 provides as follows:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>     (1) as a result of the offense for which the sentence was imposed; or
>
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

5

**that has not been credited against another sentence.**

18 U.S.C. § 3585(a), (b) (emphasis added). The last clause of section 3585 provides that time spent in custody cannot be credited toward a federal sentence if it already was credited toward a non-federal sentence. 18 U.S.C. § 3585(b); *see also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Pursuant to 18 U.S.C. § 3584, a federal sentencing court may impose a sentence that runs concurrent to a state sentence. The relevant portion of that section provides as follows:

> **(a) Imposition of concurrent or consecutive terms.**--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). *See also Ruggiano v. Reish*, 307 F.3d 121, 132 (3d Cir. 2002). In *Reish*, the Court held that, in imposing a sentence, a district court may grant an adjustment for time served on a preexisting sentence, including a state sentence, pursuant to § 5G1.3(c) of the United States Sentencing Guidelines. To do this, a

federal court may make the federal sentence concurrent with the state sentence for the full period of the preexisting sentence, *i.e.* make it retroactively concurrent, or only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.

In order to determine whether the sentencing court intended for the federal sentence to run concurrent with the state sentence, it is necessary to examine the meaning of the sentencing court's directive. *See Rios v. Wiley*, 201 F.3d 257, 264 (3d Cir. 2000). To undertake this examination, it is necessary to review the sentencing record. In the instant case, Stover's Judgment in a Criminal Case is a part of the record, but is silent as to whether the sentencing judge intended for the federal sentence to run concurrent with the state sentence that was not yet imposed. While it is possible that the sentencing transcript may shed light on the sentencing judge's intent, the transcript is not a part of this record. The sentencing transcript should be reviewed in light of the fact that, as other courts in this District have observed, the Third Circuit Court of Appeals has indicated that it follows the well-established principle of federal law that "[w]here an oral pronouncement of a sentence and a written sentence are in conflict, the oral sentence prevails." *Stackpole v. Williamson*, Civil No. 3:07-CV-0396, 2007 WL 2207866, *4 (Vanaskie, J.); *Henry v. Holt*, Civil No. 3:07-CV-1293, 2007 WL 2907811, *4 (Kosik, J.) (citing *United States v.*

*Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991)).

Accordingly, to properly dispose of this case, it is necessary to examine the sentencing transcript. Nevertheless, as pointed out by Respondent, an examination of the transcript may not be sufficient to ascertain the sentencing court's intent because the state sentence had not yet been imposed at the time of Stover's federal sentencing, and therefore, it may not contain the information required to ascertain the sentencing court's intent. Consequently, the most efficient course of action is to direct that this case be transferred to the sentencing court to allow it to provide clarification as to its intent. This approach is consistent with 28 U.S.C. § 1404(a), which states as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

28 U.S.C. § 1404(a). The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. Specifically, in two cases where the resolution of the petitions challenging the BOP's collection of restitution payments through its Inmate Financial Responsibility Program required an

8

inquiry into the information before the sentencing court about the petitioners' finances at the time the sentencing court ordered restitution, the cases were transferred to the jurisdiction of the sentencing courts for proper resolution. *See Argentina v. Sniezek*, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); *Gardner v. Williamson*, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008) (Munley, J.) (citing *Verissimo v. INS*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); *Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

Accordingly, in the interests of judicial economy and the convenience of the parties, we will direct that this case be transferred to the United States District Court for the Northern District of Ohio in order to ensure that the BOP's computation of Stover's sentence is consistent with the sentencing court's intent. An appropriate Order will enter.

9